NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3015

KEVIN F. CORADESCHI,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Petition for review from the Merit Systems Protection Board in NY0752040163-A-1.

ON MOTION

Before MAYER, CLEVENGER, and RADER, Circuit Judges.

PER CURIAM.

## ORDER

Kevin F. Coradeschi files an application for fees and expenses pursuant to the Back Pay Act, 5 U.S.C. § 5596(b)(1)(A)(ii) and the Civil Service Reform Act, 5 U.S.C. § 7701(g)(1) for work related to the court's decision in Coradeschi v. Dep't of Homeland Sec., 439 F.3d 1329 (Fed. Cir. 2006) and for work related to this application. The Department of Homeland Security has filed an opposition.

## BACKGROUND

In 2004, Coradeschi was terminated from his position as a Federal Air Marshal without the usual notice and an opportunity to respond. The termination letter indicated that Coradeschi was considered a probationary employee because he had failed to

complete a two-year probationary period, but that if he believed that he completed two years of continuous service in the same or similar positions, he could file an appeal with the Merit Systems Protection Board. Coradeschi filed an appeal with the Board, contending that his previous service as an Immigration and Naturalization Service agent was in a similar position and that gave him more than two years of continuous service.

In his initial decision, the administrative judge (AJ) dismissed Coradeschi's appeal, because he determined that as a probationary employee Coradeschi did not have appeal rights. The AJ found that the descriptions of Caradeschi's two positions were too dissimilar to establish continuous service and Board jurisdiction. The AJ concluded, without holding an evidentiary hearing, that Coradeschi had failed to make a non-frivolous allegation that he had completed two years of continuous service in the same position or in similar positions.

Coradeschi filed a petition for review with this court, contending that the Board erred in dismissing his appeal without an evidentiary hearing. We agreed and vacated the Board's decision. We explained that the Board's heavy emphasis on the dissimilarities in the job descriptions rather than the relationship between the skills and fundamental character of the work performed ignored this court's holding in Mathis v. United States Postal Serv., 865 F.2d 232 (Fed. Cir. 1998), which set the standard for assessing whether two positions were "sufficiently similar." Because it appeared on the limited record before this court that the positions involved similar work, we held that an evidentiary hearing on the issue was required. We remanded for further proceedings.

After a hearing, the AJ determined that the FAM and INS agent positions were sufficiently similar to establish Board jurisdiction. The AJ further determined that the

agency failed to provide Coradeschi with sufficient notice and an opportunity to respond prior to his removal and ordered the agency to cancel the removal and retroactively restore him to service. The agency petitioned the Board for review of the AJ's decision, but the petition was denied.

Following the final decision of the Board, Coradeschi petitioned for fees and expenses. The AJ held that Coradeschi was entitled to $96,398.75 in fees and $3,606.23 in expenses for work performed before the Board and this court. The AJ found that the Department's decision to terminate Coradeschi without providing him prior notice and the opportunity to respond was clearly without merit and thus a fees award was in the interest of justice.

On petition, the Board did not disturb the AJ's determinations that Coradeschi was a prevailing party and that fees and expenses were in the interest of justice. However, the Board modified the amount of the award because this court's decision in Philips v. General Services Administration, 924 F.2d 1577 (Fed. Cir. 1991), held that the Board was without authority to award fees incurred in connection with work performed at this court. The Board reduced the amount of the fees and expenses to reflect only those incurred at the Board. The Board ordered that the agency pay to Coradeschi $71,460 in fees and $842.41 in expenses.

Coradeschi filed a petition with this court seeking review of the Board's fee decision. While the petition was pending, we issued our decision in Ramos v. Dep't of Justice, 552 F.3d 1356 (Fed. Cir. 2009), which reaffirmed that Philips prohibits the Board from awarding fees and costs for work done before this court under the Back Pay Act. However, the court in Ramos allowed the petitioner to file a fee application to the

court, waiving the requirement of Fed. Cir. 47.7 that the application for fees be served and filed within 30 days after entry of the Board's decision that created the possible fee entitlement.

Before this court, Coradeschi filed a motion to allow him to file a fee application, as the court had permitted the petitioner to do in Ramos. We granted his request for leave to file an application. He now requests $37,771.25 in attorney fees and $1,333.35 in expenses. The Department opposes Coradeschi's application. The Department does not challenge that Coradeschi was a prevailing party or the amount of the fees requested. The Department limits its opposition to whether the fees are "warranted in the interest of justice."

In Sterner v. Department of Army, 711 F.2d 1563 (1983), this court held that an award of counsel fees under section 7701(g)(1) has two prerequisites. Id. at 1567. The first prerequisite, which the Department concedes is fulfilled in this case, is that the petitioner must be a prevailing party. Id. The second prerequisite, which the Department disputes, is that the award must be warranted "in the interest of justice." 5 U.S.C. § 7701(g)(1); Id. We determine that Coradeschi has not shown that the award is warranted in the interest of justice.

Accordingly,

IT IS ORDERED THAT:

The application for fees and expenses is denied.

FOR THE COURT

AUG 1 7 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:   Thomas G. Roth, Esq.
      Hillary A. Stern, Esq.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 1 7 2009

JAN HORBALY
CLERK

2009-3015                    5